IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA, TENNESSEE

MILES GUPTILL,
    Plaintiff,

JURY DEMAND

Vs.                         CASE NO.

CITY OF CHATTANOOGA

And

OFFICER JOEL GUNN,
(Individually and Official Capacity)
    Defendants.

## COMPLAINT

Comes now, the plaintiff, by and through counsel, and for Complaint would state as follows:

## JURISDICTION

1. The Plaintiff is Miles Guptill. Plaintiff is a resident of Bradley County, State of Tennessee. He is a resident of the Eastern District of Tennessee;

2. The City of Chattanooga (hereafter "City") is a Municipal Corporation organized under the laws and Constitution of the State of Tennessee. It is a corporate entity capable of suing and being sued. Defendant City maintains and operates the City of Chattanooga Police Department. The Defendant City is an entity for the purpose of jurisdiction and is a resident of the State of Tennessee in the Eastern District of Tennessee;

3. The Defendant Officer Joel Gunn is a police officer employed by the City and through its agency, the City of Chattanooga Police Department. For purposes of jurisdiction, Joel

Gunn is a resident in the Eastern District of Tennessee. This action is brought against Officer Joel Gunn individually, and in his official capacity;

4. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343(3) and that the controversy arises under the <u>United States Constitution</u> and under 42 U.S.C. § 1983 and 28 USC §§2201 and 2202. The Court has authority to award attorney's fees pursuant to 42 USC §1988. Each and all of the acts alleged herein were done by Defendants, or their officers, agents, and other employees, under color of law and pursuant to the statutes, ordinances, regulations, customs, and usages of the City and the State of Tennessee.

5. The factual allegations occurred in Hamilton County, Tennessee and in the Eastern District of Tennessee. Venue is proper pursuant to 28 U.S.C. § 1391.

6. The Defendant Joel Gunn at the time of the facts subject of the complaint was a Police officer, employed by the City through the police department and was a certified police officers authorized by state statute to act as law enforcement officer. He was acting in the course and scope of his employment at all times identified in the Complaint. The Defendants while acting under color of state law deprived the Plaintiff Miles Guptill of his Fourth, Eight, and Fourteenth Amendment rights under the United States Constitution. Officer Gunn used and abused the authority given to him by the State of Tennessee and the City of Chattanooga.

7. The Defendant Joel Gunn was wearing the uniform of the City of Chattanooga Police Department and was using a vehicle and its equipment of the City of Chattanooga Police department and carried equipment of the City of Chattanooga Police department on January 11, 2021. The Defendant held himself out to be an Officer of the City Police Department on that date. The defendant also acted per the instructions of supervising officers and under the authority of the

2

City of Chattanooga Police department and with the knowledge of the department and pursuant to the City's assignment on the dates alleged herein.

8. Plaintiff Miles Guptill was damaged. He suffered economic and non-economic damages. Further, he suffered physical injuries as described herein that were the direct and proximate result caused by the action of the defendants. The Defendants caused Plaintiff Miles Guptill's damages due to a constitutional deprivation of fundamental and recognized substantial rights, due to intentional actions of the defendants, the deliberate indifference of the defendants or alternatively, due to a policy procedure or custom of the police department, failure to train officers, and failure to supervise officers.

## **FACTS**

9. Plaintiff adopts the allegations of the preceding paragraphs 1-8 as if fully restated herein;

10. On January 11th, 2021, Plaintiff Miles Guptill went to the Erlanger Hospital in East Ridge Tennessee. He admitted himself to receive treatment for long standing mental health issues. Plaintiff was being treated by hospital physicians and other care providers. Plaintiff needed medication to administer by hypodermic needle. Physician Brian Reuhland, a security officer and a male nurse attempted to administer the medication but Plaintiff was afraid of the shot and withdrew from the health care professionals. Plaintiff did not resist but recoiled in fear from the shot.

Officer Gunn was on duty at the East Ridge Erlanger Hospital. Officer Gunn entered the room where the Plaintiff was being administered the shot and struck the Plaintiff several times with his fists in the left side of the head and neck causing him severe injuries including injury to his back, the exacerbation of pre-existing conditions, bruising swelling contusions and abrasions

to his face and head and causing him to strike the right side of his head against the wall. The plaintiff was being held by a security guard, and male nurses when the Officer decided to assault the Plaintiff. Plaintiff was defenseless when he was beaten by the officer. There was no legitimate reason for the use of force by Officer Gunn, but only the desire to injure the Plaintiff. No reasonable officer would acted as Officer Gunn acted. The Plaintiff was involuntarily committed later by Dr. Brian Reuhland, M.D. Officer Gunn intervened in the medical care being provided without invitation or necessity. The conduct of Officer Gunn was outrageous and conscience shocking.

11. Plaintiff was lowered to the floor of the hospital room where he was being given the shot and the doctor protected him from the blows offered by Officer Gunn. Officer Gunn was enraged at the plaintiff and refused to leave the hospital room although he was commanded to do so six times. Officer Gunn violated the Constitutional rights of the Plaintiff.

12. Dr. Reuhland worried that the plaintiff was injured from the assault by Officer Gunn and ordered a CT scan. The scan did not show any trauma to the brain. However, since the beating the Plaintiff has had continuing back pain, which is either new or an exacerbating from previous back conditions. Plaintiff suffered from physical, mental and emotional injuries as a result of the assault. Plaintiff's physical injuries resulted in new damages to his head and neck and the exacerbation of pre-existing conditions in his neck and back. Plaintiff's mental injuries resulted in new trauma and the exacerbation of pre-existing post-traumatic stress syndrome and other conditions. Plaintiff has incurred attorney fees and costs.

13. Plaintiff was referred to the Erlanger Behavioral Health facility to complete his treatment based upon Emergency Involuntary Commitment pursuant to T.C.A. 33-6-401 et. seq and certificate of need signed by Dr. Brian Reuhland, M.D.

14. Officer Gunn was not properly trained by the City in protecting the Constitutional rights of mentally ill persons. The result of the failure to train was a foreseeable and unreasonable constitutional violation. The City and Officer Gunn violated the constitutional rights of the Plaintiff.

15. The City was deliberately indifferent to the rights of the Plaintiff in failing to train and supervise Officer Gunn. The City and Officer Gunn violated the constitutional rights of the Plaintiff.

16. The City by condonation of customs and by its procedures and policies caused the constitutional violation to the Plaintiff.

17. The plaintiff under the fourth, eight and fourteenth amendment has the recognized constitutional right to liberty interest and freedom from restraint. The Plaintiff has the constitutional right not to be subject to punishment or unreasonable restraints of his liberty. The Defendants violated these valuable constitutional rights. The City and Officer Gunn violated the constitutional rights of the Plaintiff.

## CAUSES OF ACTION

18. The plaintiff re-alleges and sets forth all of the paragraphs preceding number Paragraphs 1-17 as is fully set forth and alleged herein.

## COUNT ONE
## USE OF EXCESSIVE FORCE (42 U.S.C. 1983)

19. The Fourth and Fourteenth Amendment to the United States Constitution protects persons from being subjected to excessive force by police. While acting under color of state law, City Officer Gunn used an amount of force which was objectively unreasonable under the circumstances while the Plaintiff was seized as a result of involuntary emergency commitment pursuant to T.C.A. 33-6-401 et seq. The use of force was punishment to the Plaintiff.

20. Plaintiff alleges that while plaintiff was subdued, and in custody and defenseless, Officer Gunn intentionally punched him in the face and the force used was excessive and unreasonable. The acts committed by Officer Gunn violated Plaintiff's Fourth, Eight and Fourteenth Amendment rights to not to be subjected to unreasonable use of force under the circumstance and to punishment.

21. Plaintiff alleges that the force used was greater than what a reasonable officer would have used under similar circumstances. Officer Gunn's actions were calculated and intentional and not objectively reasonable considering all the facts and circumstances. The actions of Officer Gunn were consistent with the offense of assault as defined in T.C.A. 39-13-101 and unreasonable and unauthorized by law enforcement grant of authority.

22. The actions of Officer Gunn were the proximate cause of the injuries to plaintiff and all of his damages. Plaintiff is entitled to damages, attorney fees and cost pursuant to 42 U.S.C. 1983 and 1988.

## COUNT TWO
## 42 U.S.C. 1983 (FAILURE TO TRAIN)

23. The Plaintiff re-alleges and sets forth all of the paragraphs preceding number Paragraphs 1-22 in their entirety as is fully set forth and alleged herein.

24. The City Police Department through its policy makers in by enactment or acquiescence adopted a policy of inadequate training for police officers to carry out their duties. The failure to train, which was tacitly authorized by the City, was persistent and widespread that it constituted an official policy in action. The adoption of these policies and the failure to address adequate training in these policies is alleged in support of the cause of action. The City Police Department failed to train Officers with regard to the use of force and in particular excessive force

and the prohibitions on the use of force, detention procedures and constitutional violations with regard to mental health patients.

25. Failure to train deprived plaintiff of rights under the <u>Fourth Amendment, Eight Amendment, and the Fourteenth Amendment</u>. Moreover, the failure of the City to provide such training not only resulted in the systematic deficiencies outlined in the above paragraph, but also recklessly posed substantial risk of harm to the health and safety of the Plaintiff, Miles Guptill. Failure to train amounted to deliberate indifference. The city was deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of the law, or that the known, obvious and foreseeable risk or consequence of its failure to train of constitutional deprivation to citizens like plaintiff, the involuntarily committed mental health patient.

   a. being deliberately indifferent to the risk of injury for the use of excessive force;

   b. failing to insure that officers use equipment provided, and to provide officers with training and equipment;

26. Plaintiff has been damaged as a result of a proximate and direct result of the conduct of the City Police Department in their failure to provide adequate training as described herein.

27. The defendant's failure to train was the moving force or so closely related to the constitutional deprivation that it caused the injury to Plaintiff.

28. Plaintiff is entitled to compensatory damages, reasonable attorney's fees, costs, and expenses pursuant to 42 U.S.C. §1983 and 1988.

### COUNT THREE
### FAILURE TO SUPERVISE (42 U.S.C. 1983)

29. The Plaintiff re-alleges and sets forth all of the paragraphs preceding number Paragraphs 1-28 in their entirety as is fully set forth and alleged herein.

30. The City Police Department by and through their supervisory and management personnel, did not provide adequate supervision for the tasks performed by Officer Gunn. Without limitation, Officer Gunn was not properly supervised with regard to the detention of Plaintiff and the use of force and proper detention procedure for involuntarily committed mental health patients. The inadequacy of supervision was the result of the municipality's deliberate indifference to the danger associated excessive use of force and improper arrest procedure. The inadequacy was closely related to or actually caused the injury in this case to Plaintiff.

31. The Defendants acted under color of state law at all times. The supervisory and management personnel were vested with the duty to exercise reasonable and adequate supervision, direction, and control over its Officer. The failure to supervise caused the damages to the plaintiff, and deprived plaintiff, Miles Guptill of rights under the <u>Fourth Amendment, Eighth Amendment, and the Fourteenth Amendment</u>. The failure to supervise is alleged in support of the cause of action;

   a. being deliberately indifferent to the risk of injury for the use of excessive force;

   b. failing to insure that officers use equipment provided, and to provide officers with training and equipment;

   c. failure to supervise, adopt, establish and operate and appropriate internal audit system by supervision;

   d. failure to supervise, adopt, establish and implement whistleblower pathways to report failure to follow appropriate, policies customs, and procedures.

32. The above defendants and particularly, City Police Department failed to adequately supervise, direct, and control officers and said failure was either overtly or tacitly authorized by the City Police Department through a supervisor or management personnel and was so persistent

and widespread that it constituted widespread an official policy and action, or its failure to supervise was obviously and foreseeably lead to a constitutional deprivation as alleged.

33. But for the failure to exercise reasonable and adequate supervision, Plaintiff's constitutional rights would not have been violated.

34. The defendant's official policies or customs were the moving force or so closely related to the constitutional deprivation that caused the injury to Plaintiff. The Defendants, through their acts and omissions were intentionally willful, wanton, reckless, and malicious and showed a deliberate indifference and reckless disregard for the rights of the Plaintiff, Miles Guptill.

35. The plaintiff is entitled to compensatory damages, reasonable attorney's fees, costs, and expenses from Defendants provided in 42 U.S.C. §1983 and 1988.

### COUNT FOUR.
### MONELL LIABILITY FOR CUSTOM OR POLICY (42 U.S.C. 1983)

36. The Plaintiff re-alleges and sets forth all of the paragraphs preceding number Paragraphs 1-35 in their entirety as is fully set forth and alleged herein.

37. The plaintiff alleges that the policies, procedures, and customs of the Defendant City caused the constitutional violation suffered by the plaintiff. The City's official custom allowing assaultive conduct which is excessive force by its officers in making arrests and in its interaction with persons under arrest represents official policy, inflicted the injury suffered by the plaintiff as described herein.

38. The use of excessive force by Officer Gunn when he assaulted the plaintiff as described herein was as a result of following the official custom and policy of the City. The use of excessive force was under color of state law and violated the Plaintiff's <u>fourth, eighth and fourteenth amendment rights.</u>

39. The official policy or custom was the proximate cause of the injuries and constitutional violation suffered by the plaintiff. But for thee official custom or policy allowing Officer Gunn to assault plaintiff, the plaintiff would not have been injured.

40. The plaintiff is entitled to compensatory damages, reasonable attorney's fees, costs, and expenses from Defendants provided in 42 U.S.C. §1983 and 1988.

## COUNT FIVE
## MALICIOUS HARRASSMENT ( T.C.A. 4-21-701)

41. Plaintiffs adopt and re-allege the preceding paragraphs 1-40 of the complaint as if set forth fully herein.

42. The Defendants City of Chattanooga, Officer Joel Gunn committed the intentional tort of Malicious Harassment (T.C.A. 4-21-701).

43. Through the common law doctrine of respondent superior, the Defendant City of Chattanooga is liable for the violation of T.C.A. 4-21-701 by its employees acting in the course and scope of their employment.

44. The Defendants committed malicious harassment on January 11, 2021 when the Defendant Officer Joel Gunn acted maliciously and with ill will, hatred and spite, and unlawfully intimidated the Plaintiff, from the free exercise or enjoyment of his constitutional rights including his First, Fourth, Eighth, and Fourteenth amendment rights and the right to liberty, freedom from punishment and freedom of movement under the United States Constitution, as well as rights under the Tennessee Constitution namely, his rights pursuant to Article I, Sec. 7, 8, 13, 16, and 35, by injuring him, and/or threatening to injure him and/or coercing him.

45. The Plaintiff suffered damages from the violation T.C.A. 39-17-309 and the aforementioned allegations of constitutional deprivation and the Defendants actions proximately caused Plaintiffs injuries, damages, losses and deprivations.

46. The Plaintiff is disabled pursuant to the definition set forth in T.C.A. 4-21-102 et. seq. The Defendants caused emotional distress, and physical and mental injuries.

47. The Plaintiff is entitled to compensatory, and punitive damages as well as attorney fees and costs.

## COUNT SIX
## COMMON LAW ASSAULT AND BATTERY

48. The Plaintiffs adopts and re-alleges the preceding paragraphs 1-47 as if set forth fully herein.

49. Officer Gunn intentionally, unlawfully, and harmfully made physical contact with the Plaintiff.

50. The intentional battery by the defendant, Gunn proximately caused injury to the Plaintiff.

51. The Defendant Officer Gunn intentionally attempted to harm, or to frighten, Plaintiff.

52. The Plaintiff is entitled to damages for injuries he sustained against from the actions of Officer Gunn and the separate torts of assault and battery.

## CAUSATION

53. The Plaintiff re-alleges the preceding paragraphs 1-52 as if fully set forth herein;

54. The Defendant City of Chattanooga, by and through the Chattanooga Police Department, Officer Gunn through their intentional and negligent conduct, are the direct and proximate cause of injuries sustained by the Plaintiff as described above.

55. All of the conduct set forth herein violated 42 U.S.C. 1983 and is the direct and proximate cause of the injuries and damages suffered by the Plaintiffs for which they are entitled

to substantial, actual compensatory damages plus costs of litigation, including attorney's fees, for the equitable and just relief provided by law and 42 U.S.C. 1988;

56. Officer Gunn is liable for their intentional conduct described herein. Their intentional conduct is the direct and proximate cause of the injuries sustained by the Plaintiff who is entitled to substantial actual compensatory damages, the cost of litigation, and punitive damages against the Defendants;

57. The Plaintiff is entitled to punitive damages against Officer Gunn and for his reckless, malicious, and willful conduct. The City of Chattanooga is liable for punitive damages by the doctrine of respondeat superior against the City of Chattanooga for Malicious Harassment at T.C.A. 4-21-701 committed while in the course and scope of his employment.

58. Defendants City of Chattanooga, and Officer Gunn are liable for damages as a result of the civil conspiracy to deprive the Plaintiff his constitutional and statutory rights, committing intentional torts against Plaintiff and maliciously harassing the Plaintiff. Plaintiff claims attorney fees, actual compensatory damages, special damages, cost of litigation, punitive damages, and any equitable relief as is required by law.

## **PRAYERS FOR RELIEF**

59. The Plaintiff prays that the Court would enter judgment as follows:

   a. That process issue;

   b. That a jury be impaneled to hear the controversy before the Court;

   c. That the Court order for all the constitutional violations, compensatory and actual damages in the amount not less than One Million Dollars ($1,000,000.00) for plaintiff against the City, and Defendant Officer Gunn;

d. That the Court would find punitive damages against the Defendant Officer Gunn in an amount not less than One million Dollars ($1,000,000.00);

e. That the Court would order reasonable attorney's fees pursuant to 42 U.S.C. §1983 and 1988 along with any costs and expenses in the prosecution of this action;

f. For any other general relief as is required by law.

RESPECTFULLY SUBMITTED,

**MCKOON, WILLIAMS, ATCHLEY & STULCE, PLLC**

BY: */s/ Clayton M. Whittaker*
**CLAYTON M. WHITTAKER, BPR#13461**
*Attorneys for Plaintiff*
633 Chestnut Street, Suite 1500
Chattanooga, TN 37450
(423) 756-6400/fax: (423) 756-8600
Email: cwhittaker@mwalawfirm.com