UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MILES GUPTILL, | : | |
|     *Plaintiff,* | : | JURY DEMAND |
| v. | : | |
| | : | |
| CITY OF CHATTANOOGA and | : | Case No. 1:22-cv-11-CLC-CHS |
| OFFICER JOEL GUNN (Individually and | : | |
| Official Capacity), | : | |
|     *Defendants*. | : | |

## PLAINTIFF'S MOTION TO STRIKE

Plaintiff, by and through counsel, and pursuant to Rule 56 of the *Federal Rules of Civil Procedure* and Rule 801 of the *Federal Rules of Evidence*, move this Court for the entry of an order striking portions of the Affidavit of Ronald Zirk [Doc. 76-1], prior to ruling on the City of Chattanooga's Motion for Summary Judgment.

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FRCP Rule 56(c)(4). Interpreting a similar provision previously comprising subparagraph (e) of Rule 56, the Middle District of Tennessee stated, "[a]n affidavit that does not satisfy the requirements of Rule 56(e) is subject to a motion to strike." *Peebles v. A. Schulman Inc.*, No. 3:04-0754, 2006 WL 572337, at *7 (M.D. Tenn. Mar. 7, 2006). "Hence, '[a]ll affidavits, regardless of the author, must be made on personal knowledge and set forth facts that would be admissible in evidence.'" *Id. citing Brainard v. American Skandia Life Assur. Corp.*, 432 F.3d 655, 667 (6th Cir.2005). The court in *Peebles* further observed, "the affidavits must contain facts as opposed to conclusions, assumptions, or surmise.'" *Id.* at 7, (citations omitted). Hearsay evidence cannot be considered on a motion for summary judgment. *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994), citing D*aily Press,*

*Inc. v. United Press Int'l*, 412 F.2d 126, 133 (6th Cir.), cert. denied, 396 U.S. 990, 90 S.Ct. 480, 24 L.Ed.2d 453 (1969); *see also Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir.1988) (stating that "[i]t is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment"). "'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).

Defendants respectfully request a ruling on this Motion to Strike prior to the Court's ruling on the City of Chattanooga's Motion for Summary Judgment. The Affidavit of Ronald Zirk [Doc. 76-1] was filed in support of the City of Chattanooga's Motion for Summary Judgment. "Generally, a district court should dispose of motions that affect the record on summary judgment before ruling on the parties' summary judgment motions." *Brainard v. Am. Skandia Life Assur. Corp.*, 432 F.3d 655, 667 (6th Cir. 2005). It is appropriate for this Court to determine what portions of the Affidavit of Ronald Zirk [Doc. 76-1] should be stricken prior to ruling on the Motion for which it purportedly supports.

The specific assertions contained in the Affidavit of Ronald Zirk [Doc. 76-1] to which Plaintiff objects are as follows:

1. In ¶¶ 5 – 7, Mr. Zirk states that "officers" are trained and discusses that training. [Doc. 76-1, Page ID #630]. However, he does not state that Defendant Joel Gunn attended any of those trainings.

2. ¶ 8 is rife with statements that should be stricken. First, Mr. Zirk provides no basis for his statement that no policymaking official of the City of Chattanooga has ever authorized or condoned any policy or custom of using excessive force. His qualifying language

of, "To my knowledge," points out that it could have happened, but that he doesn't have any knowledge of it. Therefore, the statement is no probative or relevant. Secondly, he states a legal conclusion when stating that the City of Chattanooga has never failed to properly train its police officers regarding use of force. Mr. Zirk may state how officers were trained (which he does not accomplish), but he cannot state as if it is a fact, that none were negligently trained. He has provided no basis for his statement that all officers were properly trained, as he never asserts that he has reviewed and audited every single file of police officers employed by the City of Chattanooga. Of course, as described above, neither the previously mentioned statements pertain specifically to Officer Gunn either, and no assertion is made by Mr. Zirk that Officer Gunn, specifically, was properly trained.

3. ¶ 10 (the first one) states a legal conclusion that City policymakers "adequately monitored, supervised and evaluated the performance of its officers…." He could factually state what is done, but this legal conclusion is not admissible.

4. ¶¶ 10 (both of them) and 11 (the first one) discuss "records of the Training Division" but there is no explanation of what the records consist of, what he viewed, if anything, or that he reviewed Officer Gunn's records specifically. He also is not testifying as a custodian of records under *Federal Rules of Evidence* Rule 803(6), to tender the records or avoid hearsay.

5. ¶ 11 contains a legal conclusion that the records of the Training Division do not establish that Officer Gunn was negligently trained. Mr. Zirk may describe how Officer Gunn was trained (which he does not), but he cannot make the conclusion that the training was not negligent.

For the foregoing reasons, the statements specified herein that are asserted in the Affidavit of Ronald Zirk should be stricken. Further, it is appropriate for the Court to act on this

motion prior to ruling on the City of Chattanooga's Motion for Summary Judgment.

WHEREFORE, premises considered, Plaintiff prays for the following relief:

a. That certain portions of the Affidavit of Ronald Zirk [Doc. 76-1] more particularly described herein be stricken;

b. For the Court to rule on this Motion to Strike prior to ruling on the City of Chattanooga's Motion for Summary Judgment; and

c. For such other further and general relief as is deemed appropriate by this Court.

RESPECTFULLY SUBMITTED:

**MCKOON, WILLIAMS, ATCHLEY & STULCE, PLLC**

By: _s/ James R. McKoon_
**JAMES R. McKOON, BPR #009554**
*Attorneys for Miles Guptill*
633 Chestnut Street, Suite 1500
Chattanooga, TN 37450-1501
(423) 756-6400/fax: (423) 756-8600
Email: jmckoon@mwalawfirm.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this the 20th day of October 2023, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system as set forth in the electronic filing receipt. All other parties will be served by hand delivery or U.S. Mail as set forth below. Parties may access this filing through the Court's electronic filing system.

BY: _s/ James R. McKoon_
McKoon, Williams, Atchley & Stulce, PLLC