UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MILES GUPTILL, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) Case No.: 1:22-cv-11-CLC-CHS |
| v. | ) |
| | ) Judge Collier |
| CITY OF CHATTANOOGA, and | ) |
| OFFICER JOEL GUNN (Individually | ) |
| and Official Capacity), | ) |
| | ) |
| *Defendants*. | ) |

## **M E M O R A N D U M**

Before the Court is a motion by Plaintiff, Miles Guptill, to strike the affidavit of Ronald Zirk. (Doc. 83.) Defendant City of Chattanooga has responded. (Doc. 87.) This matter is ripe for review.

### I. BACKGROUND[1]

Plaintiff, Miles Guptill, filed suit against the City of Chattanooga and Joel Gunn on January 11, 2022. (Doc. 1.)

On September 15, 2023, Gunn and the City of Chattanooga filed separate motions for summary judgment against Plaintiff. (Docs. 73 and 76.) Plaintiff responded to both motions on October 20, 2023. (Docs. 81 and 84.)

Along with its motion, the City of Chattanooga submitted the affidavit of Ronald Zirk, who is "a Master Instructor" for the Training Division of the Chattanooga Police Department. (Doc. 76-1 at 1.)

---

[1] Here, the Court will limit its discussion to the facts relevant to resolving the motion to strike Officer Zirk's affidavit. The Court will examine the entire background of the case in resolving the pending motions for summary judgment.

On October 20, 2023, Plaintiff moved to strike Officer Zirk's affidavit. (Doc. 83.) The City of Chattanooga responded on October 27, 2023. (Doc. 87.) This matter is now ripe for review.

## II. STANDARD OF REVIEW

In ruling on the admissibility of expert opinions, "the trial court has broad discretion . . . ." *Brainard v. Amer. Skandia Life Assur. Corp.*, 432 F.3d 655, 667 (6th Cir. 2005) (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)). Trial courts have held that the power to strike portions of affidavits "which contain nothing more than legal conclusions and speculation without factual support" to be within the mandate of Federal Rule of Civil Procedure 56(e). *See King v. Pa. Life Ins. Co.*, 470 F. App'x 439, 445–46 (6th Cir. 2012); *see also Peebles v. A. Schulman Inc.*, 2006 WL 572337, at *8 (M.D. Tenn, Mar. 7, 2006).

## III. DISCUSSION

### A. Federal Rule of Civil Procedure 56 does not warrant striking Officer Zirk's affidavit.

Plaintiff first argues Officer Zirk's affidavit should be stricken due to Federal Rule of Civil Procedure 56. (Doc. 83 at 1.) Plaintiff argues that the Court of Appeals for the Sixth Circuit's guidance in *Brainard v. American Skandia Life Assurance Corporation* mandates all affidavits be made on personal knowledge and set forth facts that would be admissible in evidence. (*Id.* at 1.)

The City of Chattanooga responds, "Officer Zirk's affidavit is appropriate and based on his personal knowledge and experience as a training instructor for the Chattanooga Police Department." (Doc. 87 at 1.) As it relates to Plaintiff's *Brainard* argument, the City of Chattanooga responds that the Sixth Circuit's guidance in *King v. Pennsylvania Life Insurance Company* should guide this Court instead of *Brainard*. (*Id.* at 2–3.)

2

Plaintiff is correct that Federal Rule of Evidence 602 requires witnesses to testify from personal knowledge. However, Rule 602 further states "[t]his rule does not apply to a witness's expert testimony under Rule 703." Fed. R. Evid. 602.

The Court of Appeals for the Sixth Circuit did examine a trial court's ability to strike expert testimony for lack of proper foundation in *King*. In *King*, the Court of Appeals reasoned that there is a difference between an expert whose affidavit employs "broad and dramatic language without substance" and contains "no meaningful analysis or reasoning" and one whose affidavit "is "sufficiently reasoned and detailed." *King*, 470 F. App'x at 446 (quoting *Brainard*, 432 F.3d at 664).

Here, the Court finds that Officer Zirk's affidavit is more in line with an affidavit that is "sufficiently reasoned and detailed" than the one at issue in *Brainard*. Officer Zirk's affidavit does not merely state conclusions. Instead, he offers his opinion based on his years working with the Chattanooga Police Department and teaching at the Chattanooga Police Academy. Any remaining questions regarding Officer Zirk's opinions go to his credibility, which is for the trier of fact to assess. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008). Because Officer Zirk's affidavit is more than mere speculation and legal conclusions, Plaintiff's motion to strike Officer Zirk's affidavit under Federal Rule of Civil Procedure 56 will be **DENIED**.

### B. The Federal Rules of Evidence do not warrant striking Officer Zirk's affidavit.

Federal Rule of Evidence 801 provides that witnesses generally are not allowed to provide testimony that is hearsay. Hearsay is defined as a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)–(2).

Plaintiff argues Officer Zirk's affidavit should be stricken because hearsay evidence "cannot be considered on a motion for summary judgment" under *Wiley v. United States*, 20 F.3d 222 (6th Cir. 1994).

In *Wiley*, the plaintiff appealed the grant of summary judgment in favor of the United States. The plaintiff argued the trial court improperly considered an affidavit and certified mailing list that would have constituted inadmissible hearsay at trial. *Id.* at 225–26. Though the Court of Appeals reasoned that the plaintiff had waived any objection to the inclusion of these documents by not raising the issue at trial, it also stated that "hearsay evidence cannot be considered on a motion for summary judgment." *Id.* at 226.

The affidavit at issue *Wiley* is distinguishable from Officer Zirk's affidavit because the author in *Wiley* was not purported to be an expert. Instead, he was "an employee in charge of reviewing the notices of deficiency." *Id.* at 225. As explained below, this affects the analysis before the Court in determining the admissibility of Officer Zirk's affidavit. Therefore, the statement by the Court of Appeals in *Wiley* is not applicable here.

Because the affidavit at issue in the current case was put forth in relation to an expert's opinion, the Court is guided by Federal Rule of Evidence 703, which provides as follows:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703. Additionally, the Court of Appeals for the Sixth Circuit has reasoned that Rule 703 "allows an expert witness to testify to an opinion that is supported by inadmissible hearsay evidence." United States v. Scott, 716 F. App'x 477, 485 (6th Cir. 2017). Therefore, the Court is

4

not persuaded by Plaintiff's overarching argument that Officer Zirk's testimony should be stricken because it contains hearsay.

Plaintiff also specifically challenges paragraphs 5–7, 8, 10, and 11 of Officer Zirk's affidavit. (Doc 83.) As it relates to paragraphs 5–7, Plaintiff states that Mr. Zirk generally discusses officer training but fails to show that Officer Gunn attended those trainings. (Doc. 83 at 1.) However, any dispute around whether Officer Gunn attended the trainings does not affect Officer Zirk's opinion that trainings were offered by the Chattanooga Police Department and Chattanooga Police Academy.

Turning to paragraphs 8, 10, and 11, Plaintiff argues that Officer Zirk provides no basis for his statements and that he states legal conclusions which should be stricken. (Doc. 83 at 2–3.) Officer Zirk's statements in question include the phrases "to my knowledge," that, respectively, policymakers "adequately monitored, supervised, and evaluated" certain matters, that "records of the Training Division establish" some matters, and "records of the Training division do not establish" other matters. These statements are his opinions based on the information he reviewed and are not legal conclusions.[2] The same is true for his opinion relating to whether Officer Gunn was negligently trained. Officer Zirk is outlining the basis for his opinion, but not expressing a legal conclusion like those the Sixth Circuit admonished in *Berry v. City of Detroit*.

Finally, Plaintiff argues Officer Zirk does not specifically identify the records he

---

[2] The Court of Appeals for the Sixth Circuit discussed the difference between an opinion and a legal conclusion in *Berry v. City of Detroit.* There, the Court stated, "[w]hen the rules speak of an expert's testimony embracing the ultimate issue, the reference must be to stating opinions that suggest the answer to the ultimate issue or that give the jury all the information from which it can draw inferences as to the ultimate issue." *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994). The Court of Appeals reasoned that the prohibition on an expert testifying as to legal conclusions exists because "[i]t is the responsibility of the court, not testifying witnesses, to define legal terms." *Id.* Officer Zirk's statements are more in line with factual opinions by one who has studied and administered training to officers and not ultimate conclusions on the law.

5

considered in forming his opinion in paragraph 11. (Doc. 83 at 3.) Plaintiff does not provide the Court with any legal authority to support this request, and the Court therefore will deny it. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (internal citations and quotations omitted) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

Officer Zirk bases his expert opinion, as shown through his affidavit, on personal knowledge that he gained while working for the Chattanooga Police Department and teaching for the Chattanooga Police Academy. Accordingly, Plaintiff's motion to strike Officer Zirk's affidavit under Rule 801 will be **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike the affidavit of Officer Zirk (Doc. 83) will be **DENIED**.

**AN APPROPRIATE ORDER WILL ENTER.**

**SO ORDERED.**

**ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**