UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MILES GUPTILL,<br>    *Plaintiff*,<br><br>v.<br><br>CITY OF CHATTANOOGA, and<br>OFFICER JOEL GUNN (Individually<br>and Official Capacity),<br>    *Defendants*, | Case No.: 1:22-cv-11-CLC-CHS<br><br>Judge Collier |

# **M E M O R A N D U M**

Before the Court are three motions in this matter. First, Defendant Joel Gunn ("Gunn") moves to strike the affidavit of Jeffrey W. Pike ("Mr. Pike") (Doc. 88.), Next, Defendant City of Chattanooga ("City of Chattanooga") moves to disregard the affidavit of Mr. Pike (Doc. 89). Finally, Defendants jointly and separately move in limine to exclude Mr. Pike from testifying as an expert at trial. (Docs. 103 and 108.)[1] Plaintiff has responded to the City of Chattanooga's motion to disregard. (Doc. 97.) Plaintiff has also responded to Gunn's motion to strike. (Doc. 98.) Lastly, Plaintiff has responded to Defendants' motions in limine. (Docs. 110 and 114.) These motions are ripe for review.

---

[1] Though the parties have filed separate motions, their arguments rely on many of the same reasons. Accordingly, the Court will address both motions together. The Court will reference the Defendants individually where necessary.

## I. BACKGROUND[2]

Plaintiff, Miles Guptill, filed suit against the City of Chattanooga and Joel Gunn on January 11, 2022. (Doc. 1.) The parties held a scheduling conference on March 31, 2022. (Doc. 23.) The Court issued a Scheduling Order on April 4, 2022. (Doc. 24.) The Scheduling Order set the parties trial date for July 17, 2023. (*Id.* at 3.) On December 23, 2022, Plaintiff moved to amend the Court's April 4, 2022, Scheduling Order. (Doc. 30.) On December 27, 2022, the Court Ordered the City of Chattanooga to respond, and the City of Chattanooga responded that day. (Docs. 31 and 32.) The Court granted Plaintiff's motion on December 28, 2022, and set the parties new trial date for February 12, 2024. (Doc. 33.) Neither Scheduling Order listed an explicit date for the expert disclosure deadline. (*See* Docs. 24 and 33.)

On September 15, 2023, Gunn and the City of Chattanooga filed separate motions for summary judgment against Plaintiff. (Docs. 73 and 76.) Plaintiff responded to both parties on October 20, 2023. (Docs. 81 and 84.)

In responding to Defendants' motions, Plaintiff submitted an affidavit from Jeffrey W. Pike who "worked in law enforcement and similar related jobs in the private sector for over thirty years." (Doc. 81-10 at 1.) Mr. Pike's affidavit stated he had been "retained to provide an opinion regarding the use of force that [Gunn] . . . used on a medical patient, [Guptill], at Erlanger East on January 11, 2021." (*Id.* at 2.)

On November 3, 2023, Gunn moved to strike the entire affidavit of Mr. Pike. (Doc. 88.) That day, the City of Chattanooga also moved to disregard Mr. Pike's affidavit as not being based on personal knowledge as required by Federal Rule of Civil Procedure 56(c)(4). (Doc. 89.)

---

[2] Here, the Court will limit its discussion to the facts relevant to resolving the motions regarding Mr. Pike's affidavit, testimony, and qualifications as an expert. The Court will examine the entire background of the case in resolving the pending motions for summary judgment.

2

Plaintiff responded to both motions on November 14, 2023. (Docs. 97, 98, 99.) In responding, Plaintiff also filed "Expert Disclosures," including an additional declaration from Mr. Pike. (*Id.*)

On December 1, 2023, Defendants filed separate motions in limine to exclude Mr. Pike from testifying as an expert at trial. (Docs. 103 and 108.) Plaintiff responded to Defendants' motions on December 15, 2023. (Docs. 110 and 114.) This matter is now ripe for review.

II. **STANDARD OF REVIEW**

In ruling on the admissibility of expert opinions, "the trial court has broad discretion . . . ." *Brainard v. Amer. Skandia Life Assur. Corp.*, 432 F.3d 655, 667 (6th Cir. 2005) (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)). Trial courts have held that the power to strike portions of affidavits "which contain nothing more than legal conclusions and speculation without factual support" is within the mandate of Fed. R. Civ. P. 56(e). *See King v. Pa. Life Ins. Co.*, 470 F. App'x 439, 445–46 (6th Cir. 2012); *see also Peebles v. A. Schulman Inc.*, 2006 WL 572337 at *8 (M.D. Tenn, Mar. 7, 2006).

Additionally, Federal Rule of Evidence 702 governs the admissibility of expert testimony and provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The evidence or testimony must also "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert v. Merrell Dow Pharms., Inc.* 509 U.S. 579, 591 (1993). It is not the role of the Court to decide whether an opinion is correct, but to examine

whether the potential testimony rests on a reliable foundation. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529–30 (6th Cir. 2008).

III. **DISCUSSION**

Gunn moves to strike Mr. Pike's affidavit because "Mr. Pike has not provided a curriculum vitae (CV), a written expert report, or any other proof that he possesses the qualifications required for submitting an expert opinion on the use of force." (Doc. 88 at 2.) Additionally, Gunn argues "Mr. Pike's [a]ffidavit is wrought with conclusory statements, 'facts' with no citations to any proof, no mention of any foundational education and training, and simply cannot be relied upon pursuant to the requirements of Rule 702." (*Id.*)

Plaintiff responds, "the Scheduling Order provides for expert disclosures deadline of November 14, 2023, and said deadline had not passed at the time Mr. Pike's [a]ffidavit was filed to oppose each of the Defendants' motions for summary judgment." (Doc. 98 at 1.) The Court will first examine whether Mr. Pike's entire affidavit should be struck for violating the discovery rules.

A. **Mr. Pike's affidavit should not be struck as a discovery violation.**

The Federal Rules of Civil Procedure outline certain evidence that must be disclosed between parties during the pretrial stage. As it relates to disclosing expert testimony, Rule 26 provides "a party must disclose to other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Rule 26 further provides "this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case . . . ." Fed. R. Civ. P. 26(a)(2)(B). Finally, Rule 26 states the timeline for disclosing purported expert testimony: "[a] party must make these disclosures at the times and in

4

the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial . . . ." Fed. R. Civ. P. 26(a)(2)(D)(i).

Here, the parties agree that any information Mr. Pike offered through the affidavit would be expert testimony governed under Rules 702, 703, or 705. However, Defendant argues the affidavit should be stricken because a written report was required at the time it was disclosed. Plaintiff argues that the report was not required at the time because expert disclosures were not yet due.

According to Plaintiff, "the Scheduling Order provides for the expert disclosures deadline of November 14, 2023 . . . ." (Doc. 98 at 1.) Though Plaintiff does not cite the Scheduling Order bearing this date, the Court agrees with Plaintiff that this date is the applicable deadline for expert disclosures. The Court's Order issued on April 4, 2022, and amended on December 28, 2022, does not provide a deadline for expert disclosures. (*See* Docs. 24 and 33.) Therefore, the applicable deadline would be "at least 90 days before the date set for trial or for the case to be ready for trial . . . ." Fed. R. Civ. P. 26(a)(2)(D)(i). This date coincides with Plaintiff's given date of November 14, 2023.

Gunn, moved for summary Judgment on September 15, 2023, before Plaintiff's deadline for expert disclosures had run. (*See* Doc. 76.) Plaintiff responded, in part, with Mr. Pike's affidavit on October 20, 2023. (Doc. 81.) Defendant Gunn moved to strike Mr. Pike's affidavit on November 3, 2023. (Doc. 88.) This time, on the final date to submit expert disclosures, Plaintiff responded with Mr. Pike's affidavit and supporting qualifications. (Doc. 98.) Though the parties likely could have avoided this situation by communicating earlier, Plaintiff was within the deadline

5

for expert disclosures at the time. Accordingly, Defendant's motion to strike Plaintiff's affidavit in its entirety is **DENIED**.

B.  **Federal Rule of Civil Procedure 56 does not warrant striking Mr. Pike's affidavit.**

The City of Chattanooga argues, "to the extent that any portion of the Affidavit of Jeffrey Pike does not comport with Rule 56, the court should disregard that portion." (Doc. 89 at 1.) The City of Chattanooga argues Mr. Pike's affidavit is "conclusory" such that it should be disregarded based on the Court of Appeals for the Sixth Circuit's guidance in *King v. Pennsylvania Life Insurance Company*, 470 F. App'x 439 (6th Cir. 2012).

Plaintiff responds the City of Chattanooga "does not identify which portion of Mr. Pike's Affidavit it asserts does not comport with Rule 56 . . . ." (Doc. 97 at 1.) Additionally, Plaintiff argues Mr. Pike is an expert witness and thus is "immune from the personal knowledge requirement, pursuant to Rule 602 of the Federal Rules of Evidence. It is unknown what personal knowledge the City expects an expert may have beyond watching a video recording of the event in question and reviewing the other materials provided in discovery . . . ." (*Id.* at 1–2.) Plaintiff states, "Mr. Pike pointed to specific facts, based on materials he reviewed which have been made a part of the record. . . ." (*Id.* at 2.)

The City of Chattanooga is correct that Federal Rule of Evidence 602 requires a witness to testify from personal knowledge. However, Rule 602 further states "[t]his rule does not apply to a witness's expert testimony under Rule 703." Fed. R. Evid. 602.

Additionally, the Court of Appeals for the Sixth Circuit did examine a trial court's ability to strike expert testimony for lack of proper foundation in *King*. In *King*, the Court of Appeals reasoned that there is a difference between an expert whose affidavit employs "broad and dramatic language without substance" and contains "no meaningful analysis or reasoning" and one whose affidavit is "sufficiently reasoned and detailed." *King*, 470 F. App'x at 446 (quoting *Brainard*, 432 F.3d at 664).

7

Here, the Court finds that Mr. Pike's affidavit is more in line with an affidavit that is "sufficiently reasoned and detailed." Mr. Pike's affidavit does not merely state conclusions. Instead, it outlines the evidence he considered in forming his opinion, his observations based on that evidence, and his ultimate conclusion  Because Mr. Pike's affidavit is more than mere speculation, the City of Chattanooga's motion is **DENIED**.

### C. Defendants' *Daubert* motions fail because Mr. Pike's qualifications, relevancy, and reliability satisfy the applicable standard.

The parties have also submitted *Daubert* motions arguing Mr. Pike should be excluded from testifying at trial as an expert.

Defendant Gunn argues that Mr. Pike's testimony should be excluded because Mr. Pike "is not qualified to opine on the use of force in this case, Mr. Pike's opinions are not relevant in that they are not helpful and would not assist the tire of fact, and Mr. Pike's opinion as to the use of force in this case is not reliable." (Doc. 103 at 1.)  The Court will address each argument in turn.

#### 1. Mr. Pike's Qualifications

To have expert testimony admitted, first, "the witness must be qualified by 'knowledge, skill, experience, training, or education.'" *In re Scrap Metal Antitrust Litig.,* 527 F.3d 517 at 529. "The only thing a trial court should be concerned with in determining the qualifications of an expert is whether the expert's knowledge of the subject matter is such that his opinion will likely assist the trier of fact in arriving at the truth." *Mannino v. Int'l Mfg. Co.*, 650 F.2d 846, 851 (6th Cir. 1981).

Defendant Gunn argues:

> Mr. Pike has never been qualified as a use of force expert.  He has not indicated that he has undergone, received, or taken any classes or training regarding use of force for more than twenty years.  He does not provide any specifics about the use of force training he received or about when he acted as an instructor. He refers to no local, state, or national certifications, courses, or academies attended.  He does

> not analyze this incident under Chattanooga Police policies or any identifiable policies or processes.

(Doc. 103 at 5.)

Plaintiff responds, "Mr. Pike's Affidavit and Declaration listed his training, years of experience as an officer, service as a teacher at the training academies, and many of his commendations, all of which show he has an advanced level of knowledge, skill, expertise, training, and education in policing in general." (Doc. 110 at 1.) Plaintiff further states, "his Declaration shows that 'use of force' expertise is encompassed in that training and expertise, that he has been instructed on use of force, and has been an instructor of use of force training." (*Id.* at 2.)

The Court finds that Mr. Pike is qualified to testify as an expert on the use of force. According to the section titled "Qualifications" in Plaintiff's Rule 26 disclosures, Mr. Pike "has worked in law enforcement and similar related jobs in the private section since 1986." (Doc. 98-1 at 6.) Additionally, he "was trained as a police officer in all aspects of use of force . . . [and] has also taught use of force trainings. (*Id.* at 7.) He declares he "has been instructed on use of force as a necessary qualification for becoming a police officer." (Doc. 98-2 at 2.) In addition to working as a police officer, he has also worked "off duty jobs" including investigating criminal cases as a private sector employee. (Doc. 98-1 at 6–7.) Accordingly, the Court finds that Mr. Pike's training and experience in law enforcement, including training on use of force, deem him qualified to testify as an expert regarding use of force.

### 2. Relevancy

Next, "the testimony must be relevant, meaning that it 'will assist the trier of fact to understand the evidence or to determine a fact in issue.'" *In re Scrap Metal Antitrust Litig.*, 527 F.3d at 529. "Evidence is relevant if (a) it has any tendency to make a fact of consequence more

9

or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Defendant Gunn argues:

[t]estimony regarding standard practices in use of force training and use of force analyses are certainly relevant to the case here; however, unreliable testimony, an issue raised below, is not relevant. Mr. Pike's testimony . . . would not assist the trier of fact in determining a fact at issue, and as such should be excluded.

(Doc. 103 at 6.)

Plaintiff responds:

Mr. Pike opined as to what he observed in the video, as a seasoned law enforcement officer. He observed no criminal activity . . . Mr. Pike's testimony is relevant as to whether Officer Gun reasonably could have believed his own narrative, which will ultimately determine whether he was justified in punching [Plaintiff] in the head.

(Doc. 110 at 2.)

Given the facts at issue in this case, the Court finds that Mr. Pike's testimony is relevant. One of the key questions in this case is the reasonableness of Defendant's Gunn's actions in "punching" Plaintiff. Mr. Pike's testimony, which purports to speak to that very question, is relevant and could assist the trier of fact in determining whether it more or less probable that Defendant Gunn acted reasonably in his actions. As such, Mr. Pike's testimony is relevant.

### 3. Reliability

Finally, "the testimony must be reliable." *In re Scrap Metal Antitrust Litig.*, 527 F.3d at 529. The general standard in assessing reliability is "whether the testimony is based upon 'sufficient facts or data,' whether the testimony is the 'product of reliable principles and methods,' and whether the expert 'has applied the principles and methods reliably to the facts of the case.'" (*Id.*) Additionally, the Court may consider whether the expert considered "testing, peer review, publication, error rates, the existence and maintenance of standards controlling the technique's

10

operation, and general acceptance in the relevant scientific community." (*Id.*) Ultimately, "the test of reliability is 'flexible,' and the *Daubert* factors do not constitute a 'definitive checklist or test,' but may be tailored to the facts of a particular case." (*Id.*)

Defendant Gunn argues, "Mr. Pike did not use a reliable method upon which he based his opinions. In fact, he did not even identify the methods or evaluation processes used in reaching his opinions. As such, it fails to satisfy the requirements set out under Rule 702." (Doc. 103 at 7.) Here, the Court will also consider Defendant Gunn's argument that Mr. Pike "does not demonstrate that he is familiar with Chattanooga Police policies and does not put forth any methodology that he relied upon." (*Id.* at 5–6.)

Additionally, Defendant City of Chattanooga argues, "Mr. Pike is not qualified to give an opinion on an agency that is required to follow Tennessee Post requirements pursuant to Tennessee Code Annotated § 38-8-106."[3] (Doc. 108 at 4.)

The Court first addresses the City of Chattanooga's argument. Through his declaration, Mr. Pike states, "[t]he fact that I am not POST certified[4] is not an impediment for me to be able to opine on the issues involved in this lawsuit, as the issues on which I provide an opinion are not state-specific or jurisdiction specific, in my experience." (Doc. 97-2 at 2.) The Court agrees with Plaintiff that Mr. Pike's lack of P.O.S.T. Certification does not disqualify him from testifying regarding use of force in this case. While P.O.S.T. Certification could further assist an expert in

---

[3] Tennessee Code Annotated § 38-8-106 outlines the qualifications of police officers. *See* Tenn. Code Ann. § 38-8-106.

[4] "The Tennessee Peace Officers Standards and Training (P.O.S.T.) Commission is responsible for developing and enforcing standards and trainings for all local police officers. *Peace Officer Standards & Training Commission (P.O.S.T.)*, Tenn. Dep't of Com. & Ins., https://www.tn.gov/commerce/post.html (last visited Jan. 19, 2024). The P.O.S.T. Commission serves as "the primary regulatory body for Tennessee law enforcement" and "certifies law enforcement training instructors, curricula, and specialized schools." *Id.*

11

forming an opinion, the parties have not shown that lack of this certification negates the reliability of Mr. Pike's potential testimony at trial.

As it relates to Gunn's argument, Plaintiff responds, "Mr. Pike has established his extensive experience and training as a law enforcement officer. By doing so, he has demonstrated the requisite background to view a scenario and decipher reasonable responses by police officers, including the reasonable use of force." (Doc. 110 at 2.)

Here, the Court emphasizes the Court of Appeals for Sixth Circuit's statement that "the *Daubert* factors do not constitute a 'definitive checklist or test,' but may be tailored to the facts of a particular case." *In re Scrap Metal Antitrust Litig.*, 527 F.3d at 529. The methodology used by Mr. Pike included relying on his previous experience in law enforcement and private security and reviewing specific material related to this matter including body cam footage, a use of force report, Chattanooga Police policy manual material, involved officers' deposition transcripts, an Internal Affairs report, and the relevant pleadings. The Court returns to the general standard of whether the expert relied upon "sufficient facts or data." *In re Scrap Metal Antitrust Litig.*, 527 F.3d at 529. Here, the Court finds the standard has been met. This is not a situation where the factual dispute requires the parties to conduct scientific testing in order to present their positions. Instead, Mr. Pike, having been deemed qualified, can rely on his past experience and information gained through reviewing the relevant documents in forming a reliable opinion. The remaining questions regarding Mr. Pike's testimony go to his credibility, which is an issue for the trier of fact to decide. *See Reliance Inc. Co. v. Pyrofax Gas Corp.*, 389 F.2d 602, 609 (6th Cir. 1968.)

Accordingly, Defendants' motions to exclude Mr. Pike's testimony (Docs. 103 and 108) are **DENIED**.

#### 4.     Defendant Gunn's Rule 403 Argument

Finally, the Court will address Defendant Gunn's argument that Mr. Pike's testimony should be excluded under Federal Rule of Evidence 403.

Federal Rule of Evidence 403 provides that the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Defendant Gunn argues "given the lack of any significant local methodology which leads Mr. Pike to his opinions in this case, Officer Gunn submits that any probative value of this testimony would be substantially outweighed . . . ." (Doc. 103 at 7.)

Federal courts are instructed to read Federal Rule of Evidence 702 broadly. *Mannino*, 650 F.2d at 849. As such, the Court has already determined that Mr. Pike's testimony is based on methodology that satisfies the standard of Rule 702 and the United States Supreme Court's guidance in *Daubert*. Absent a specific showing of the potential prejudice of admitting Mr. Pike's testimony, Defendant Gunn's motion to exclude Mr. Pike's testimony under Rule 403 is **DENIED**.

### IV.     CONCLUSION

For the foregoing reasons, Defendant Gunn's motion to strike and motion in limine (Docs. 88 and 103) will be **DENIED**. Additionally, Defendant City of Chattanooga's motion to disregard and motion in limine are (Docs. 89 and 108) will be **DENIED**.

**AN APPROPRIATE ORDER WILL ENTER.**

**SO ORDERED.**

**ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**